Daniel, J,
delivered the opinion of the Court.
This Court is of opinion, that there is no error in the opinion and decree of the Judge of the said Circuit Superior Court, of the 8th September 1845, in declaring the judgment recovered by John Adams against Michael Spitler deceased, therein mentioned, a lien upon *83 the lands of which the said Michael Spitler was seized at the date of the recovery, and which he subsequently sold by successive alienations to Peter Noffsinger and the appellant Joseph Rodgers. Nor in declaring that the representatives of Samuel M'Cluer deceased were A entitled to be substituted to said lien to the extent of
124 dollars 19 cents, the amount paid by them in discharge of the judgment recovered by the said Adams against them, upon the bond given by the said Spitler with the said Samuel M’Cluer their intestate, as his security, on obtaining an injunction to said first mentioned judgment. This Court is, however, of opinion, that there is error in said decree, in treating the said Joseph Rodgers as the last purchaser from the said Michael Spitler; and in directing his tract of land to be first sold in satisfaction of the amount due upon said judgment. For though the deed of the said Noffsinger is prior in date to that of the said Rodgers, and in the absence of any proof to the contrary, the said deeds are to be regarded as having been regularly executed and delivered at the several periods their respective dates purport, and the said Peter Noffsinger is, so, to be regarded as having obtained a legal title to the tract of land sold to him, before the said Joseph Rodgers obtained a legal title to the land purchased by him; yet it appears to the Court that long antecedent to the date of the conveyance to the said Noffsinger, the said Rodgers had contracted with the said Spitler for the purchase of the land which is convoyed to him by the deed of the 21st October 1833, had paid the purchase money and obtained from his vendor a bond acknowledging the receipt thereof, and covenanting to convey the title. By virtue of this purchase the said Rodgers acquired a good equitable title to the land sold to him, and, in the opinion of this Court, had a right to insist that the land remaining in the hands of his vendor, the said Michael Spitler, and subsequently aliened and conveyed to the *84 said Peter Noffsinger by the deed of the 18th October 1833, should be sold, and the proceeds applied in satisfaction of the amount due upon the judgment aforesaid jje£ore resort should be had to the land so purchased by ^ sa^ Joseph Rodgers. This Court is therefore of opinion to reverse the decree aforesaid with costs, to set aside the sale made in pursuance thereof, and to remand the cause to the said Circuit Superior Court for further proceedings to be had in conformity with the principles of this decree.